UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────────x

WILLIAM FENNELL,

        Petitioner,

        -against-

UNITED STATES OF AMERICA,

        Respondent.

<u>ORDER</u>
20-CV-8313 (CS)
17-CR-364-13 (CS)

───────────────────────────────────────x

<u>ORDER DIRECTING PETITIONER'S ATTORNEY TO SUPPLY AFFIDAVIT</u>

<u>Seibel</u>, J.

    WHEREAS William Fennell has sought relief from his conviction pursuant to 28 U.S.C. § 2255 on the ground of ineffective assistance of counsel; and

    WHEREAS the Government, after reviewing the petition, has concluded that affidavits from Petitioner's former counsel, Scott Tulman, Esq., will be needed in order to allow the Government to respond to the motion; and

    WHEREAS the Court, after reviewing the motion papers, is satisfied that the affidavit of Mr. Tulman is needed in order to allow the Government to respond to the motion; and

    WHEREAS by making the motion, Mr. Fennell has waived the attorney-client privilege as a matter of law,

    IT IS HEREBY ORDERED that Scott Tulman, Esq., shall give a sworn affidavit addressing the allegations of ineffective assistance of counsel made by Mr. Fennell.

    Cognizant of ABA Comm. on Eth. And Prof'l Responsibility, Formal Op. 10-456 (July 14, 2010), the Court is sending a document labeled "Attorney-Client Privilege Waiver (Informed Consent)" (a copy of which is attached to this order) to Mr. Fennell. Mr. Fennell must execute this document within 30 days from today's date and return it to the Court. If the document is not received by the Court within 30 days from today's date, the Court will deny the petition, on the ground that the movant failed to authorize the disclosure of information needed to permit the Government to respond to it.

      Should Mr. Fennell return the Attorney-Client Privilege Waiver form, the Clerk shall docket it.  The Government thereafter shall promptly  provide a copy of the form to Mr. Tulman, who shall provide the required affidavit to the Government or the Court within 30 days of the entry of the form on the docket.  The Government's brief will be due 45 days after receipt of Mr. Tulman's affidavit.  Petitioner may reply 45 days after the Government files its brief.

      The Clerk of Court is respectfully directed to mail a copy of this Order (with attachment) to Petitioner Fennell.  The Government is ordered to send a copy of the same documents to Mr. Tulman.

SO ORDERED.

Dated:  October 23, 2020
           White Plains, New York

                                            _____
                                               CATHY SEIBEL, U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――――x

WILLIAM FENNELL,

        Petitioner,

                                                        20-CV-8313 (CS)
   -against-                                     17-CR-364-13 (CS)

UNITED STATES OF AMERICA,

        Respondent.

―――――――――――――――――――――――――――――x

<u>Attorney-Client Privilege Waiver (Informed Consent)</u>

      You have made a motion to have your conviction set aside on the ground that you received ineffective assistance from your attorney, Scott Tulman, Esq. The Court has reviewed your papers and determined that we need to have a sworn testimonial statement from your former attorney in order to evaluate your motion.

      The American Bar Association requires your attorney to obtain your consent before disclosing confidential communications between you and him that may bear on the disposition of your motion. This is a professional ethics requirement; there is no legal requirement that you give your attorney permission to disclose such information. In fact, as a matter of law, you have waived the attorney client privilege by making your motion, which means that if you wish to press your claim of ineffective assistance, you cannot keep the communications between yourself and your lawyer a secret – you must allow them to be disclosed to the Government and to the Court pursuant to court order.

      If you wish to proceed with your motion to set aside your conviction on the basis that you received ineffective assistance of counsel, you must sign this statement and return it to the Court (keeping a copy for your records). This form authorizes your attorney to disclose confidential communications (1) only in response to a court order and (2) only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by your motion.

      You should know that if you sign this authorization, you run the risk that your attorney will contradict your statements about his representation of you. You should also know, however, that the Court will deny your motion if you do not authorize your attorney to give an affidavit in response to the court's attached order. Nothing in the American Bar Association's opinion alters the fact that you have already waived the attorney-client privilege; if you frustrate the Court's ability to decide your motion by refusing to sign this authorization, your motion will be denied for failure to prosecute it.

      You must return this form, signed by you and notarized, within 30 days from the date of the Court's order directing your lawyer to give testimony. If the Court does not receive this letter, signed by you and notarized, within 30 days from the date of the Court's order directing your lawyer to give testimony, the Court will automatically deny your motion.

NOTARIZED AUTHORIZATION

I have read the Court's order dated October 23, 2020 and this document headed "Attorney-Client Privilege Waiver (Informed Consent)." I hereby authorize my former attorney, Scott Tulman, Esq., to comply with the Court's order by giving testimony, in the form ordered by the Court, relating to my motion to set aside my conviction on the ground of ineffective assistance of counsel. This authorization allows my former attorney to testify only pursuant to court order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my motion.

Dated:                                                          _____
                                                                               William Fennell

Sworn to before me this _____
day of _____, 2020

_____
Notary Public