UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————x

WILLIAM FENNELL,

        Petitioner,

     -against-

UNITED STATES OF AMERICA,

        Respondent.

————————————————————————x

ORDER

20-CV-8313 (CS)
17-CR-364-13 (CS)

Seibel, J.

    Before the Court is Petitioner William Fennell's motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence, (Doc. 556 ("Pet.")), the Government's opposition thereto, (Doc. 573 ("Opp.")), and Petitioner's reply, (Doc. 606 ("Reply").[1] Petitioner alleges that he received ineffective assistance of counsel in that he asked his lawyer to file a notice of appeal on his behalf but his lawyer refused, citing Petitioner's appeal waiver. (Pet. at 4.)

    Petitioner pleaded guilty pursuant to a plea agreement in which he waived his right to appeal as long as the Court sentenced him to 240 months' imprisonment or less. (Doc. 573-1 at 6.) At his plea, he stated that he understood all aspects of the plea agreement, and specifically that he was waiving his right to appeal or otherwise challenge any sentence of 240 months or less. (Doc. 604 ("Plea Tr.") at 19-21.) On December 6, 2019, he was sentenced principally to 240 months' imprisonment, (Doc. 486), the sentence to which the parties had agreed, (*see* Doc. 519 ("Sent. Tr.") at 3, 6). The Court advised Petitioner that any notice of appeal had to be filed within fourteen days of the entry of the judgment of conviction. (*Id*. at 13.) On October 5,

---

[1] All citations are to No. 17-CR-364.

2020, he filed the instant petition, alleging that counsel had failed to file a notice of appeal as instructed. (Pet.) On December 17, 2020, with Petitioner's informed consent, (Doc. 570; *see* Doc. 560), his counsel filed an affidavit, (Doc. 573-2 ("Aff.")), in which he explains that, having reviewed his file, he recalls:

    1. He met with Petitioner on November 14, 2019 and discussed, among other things whether the then-recent decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), affected Petitioner's case. At that meeting, they also discussed whether there were any issues Petitioner wished to raise at sentencing or on appeal, and Petitioner indicated that he wished to go forward with his sentencing and that was not interested in appealing and did not want counsel to file a notice of appeal. (Aff. ¶¶ 6-7.)

    2. On December 6, 2019, counsel met with Petitioner in the courthouse before the sentencing. They discussed, among other things, whether Petitioner wanted to file a notice of appeal. Counsel does not recall Petitioner expressing any such desire, but does recall that Petitioner wanted a copy of the transcript of his sentencing so that he could prove to fellow inmates that he was not a cooperator. (*Id.* ¶ 8.) Counsel sent Petitioner the transcript and his file contains no request from Petitioner regarding the filing of a notice of appeal. (*Id.* ¶¶ 9-10.)

    3. Counsel did not file a notice of appeal because, after consulting with Petitioner, there was no legal basis for an appeal. Counsel at no point had any reason to believe that Petitioner wanted him to file a notice of appeal and he does not recall Petitioner ever making such a request. (*Id.* ¶ 11.)

Under *Strickland v. Washington*, 466 U.S. 668 (1984), a defendant who claims ineffective assistance of counsel must show (1) "that counsel's representation fell below an objective standard of reasonableness," *id.* at 687-88, and (2) that any such deficiency was "prejudicial to the defense," *id.*, at 692. In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Supreme Court held that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id.* at 477. If that error leads to "the forfeiture of a proceeding itself," prejudice from the error is presumed. *Id.* at 483-84. Such prejudice is presumed "even when the defendant has signed an appeal waiver." *Garza v. Idaho*, 139 S. Ct. 738, 744 (2019).

Here Petitioner claims in entirely conclusory fashion that he asked his lawyer to file a

notice of appeal, but he provides no details about where, when or how this alleged conversation took place. Counsel's affidavit, however, is far more specific. Counsel recalls discussing a possible appeal and other details of his conversations with Petitioner, and counsel came away from them with no inkling that Petitioner wanted to appeal. Further, counsel's version is corroborated by the circumstances. Petitioner understood that he had given up his right to appeal as long as he received the agreed-upon sentence, which he did. Although Petitioner was informed at sentencing that he had fourteen days to file a notice of appeal, he did not raise the issue until ten months later. Even now he does not suggest on what ground he could have appealed.[2] All these factors lend credence to counsel's version of events. *See Chung Yu-Holguin v. United States*, No. 13-CR-259, 2020 WL 804945, at *14 (E.D.N.Y. Feb. 18, 2020), *certificate of appealability denied sub nom. Yu-Holguin v. United States*, No. 20-961, 2020 WL 8918594 (2d Cir. Oct. 13, 2020).[3] "Conclusory assertions like [Petitioner's], without detail or supporting documentation, have been found inadequate to support a claim of ineffective assistance in the face of a credible and contradictory affidavit by counsel." *Id.* at 13.

Further, after receiving counsel's affidavit, Petitioner in reply again failed to provide any specifics regarding the alleged request, except to say that it would have been after the Court advised Petitioner at sentencing of his right to appeal. (Reply at 1.)[4] This "mere conclusory

---

[2] The Government correctly notes, (Opp. at 9 n.2), that any appeal would have failed, both because of the appellate waiver in Petitioner's plea agreement and because *United States v. Davis*, 139 S. Ct. 2319 (2019), would not apply to his case because his conviction under 18 U.S.C. § 924(c) rested on a drug trafficking crime, not just a racketeering conspiracy, *see United States v. Cooper*, No. 17-CR-296, 2020 WL 7123182, at *1 n.3 (E.D.N.Y. Dec. 4, 2020) (collecting cases).
[3] The Court will send Petitioner copies of all unreported cases cited in this Order.
[4] The Court informed Petitioner that he had "the right to appeal [his] conviction and sentence *except to the extent [he had] given up that right through [his] guilty plea or [his] plea agreement*." (Sent. Tr. at 13 (emphasis added).) Because he fully understood his plea agreement, (Plea Tr. at 19), and its appellate waiver, (*id.* at 20-21), Petitioner understood that he had no basis to appeal.

allegation," *United States v. Harrison*, 48 F. Supp. 3d 381, 391 (N.D.N.Y. 2014), hardly amounts to a specific showing that counsel disregarded his instruction to file a notice of appeal, *see Diaz v. United States*, No. 13-CR-259, 2020 WL 804501, at *13-14 (E.D.N.Y. Feb. 18, 2020) (collecting cases); *Kajtazi v. United States*, No. 16-CR-289, 2018 WL 3962932, at *3 (S.D.N.Y. Aug. 17, 2018), and does not satisfy "petitioner's burden of proving, by a preponderance of the evidence, that he instructed his counsel to file a notice of appeal," *Avila Pichardo v. United States*, No. 14-CR-389, 2019 WL 2210765, at *4 (E.D.N.Y. May 22, 2019).

Given the lack of specificity on Petitioner's part, the specificity on counsel's part, and the corroborating circumstances, I find that Petitioner did not ask his lawyer to file a notice of appeal, and there thus was no ineffective assistance of counsel.

I find a testimonial hearing to be unnecessary. *See Davis v. United States*, 558 F. App'x 127, 128 (2d Cir. 2014) (where issue is whether petitioner requested counsel to file notice of appeal, "full-blown testimonial hearing" not necessarily required, "as it is within district court's discretion to choose middle road that adequately expands the record without the needless expenditure of judicial resources.") (cleaned up); *Campusano v. United States*, 442 F.3d 770, 776 (2d Cir. 2006) (where defendant claims attorney failed to file requested notice of appeal, "the district court has discretion to determine if a testimonial hearing will be conducted"); *United States v. Baez-Garcia*, No. 10-CR-88, 2020 WL 582331, at *5 (D. Vt. Feb. 6, 2020) ("Following *Campusano*, district courts have routinely resolved ineffective-assistance-of-counsel claims premised on the alleged failure to file a notice of appeal without requiring a full testimonial hearing.") (collecting cases). "An evidentiary hearing would add little or nothing to the court's adjudication of [Petitioner's] motion. There is no need for the court to hear that testimony live, as it would be redundant of the record already before the court, including the filings of

[Petitioner] and the Affidavit of his former counsel." *United States v. Baez-Garcia*, No. 10-CR-88, 2020 WL 8093518, at *11 (D. Vt. Aug. 24, 2020) (cleaned up), *report and recommendation adopted sub nom. United States v. Garcia*, No. 10-CR-88, 2021 WL 124510 (D. Vt. Jan. 12, 2021). There is "a sufficient evidentiary record to permit [me] to reject [Petitioner's] claim that he timely instructed defense counsel to file a notice of appeal . . . [and] live testimony would not alter[ my] view of the facts." *Davis*, 558 F. App'x at 128 (cleaned up); *see Nicholson v. United States*, 566 F. Supp. 2d 300, 304-05 (S.D.N.Y. 2008) (detailed attorney affirmations contradicting petitioner's claim that he asked lawyers to file notice of appeal obviated need for evidentiary hearing, particularly since petitioner offered no reply to counsel's affirmations); *Florez v. United States*, No. 00-CV-5073, 2007 WL 162764, at *4 (E.D.N.Y. Jan. 18, 2007) ("The determinative issue is whether or not [the § 2255 petitioner] directed [his lawyer] to file a notice of appeal. A review of the papers submitted by the parties, including a detailed affidavit from [the lawyer], are sufficient to decide this issue; a full testimonial hearing is unnecessary.") (cleaned up).

## Conclusion

For the reasons stated above, the Petition is denied. As Petitioner makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253; *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012). The Clerk of Court is respectfully directed to: 1) docket this Order in No. 17-CR-364 and No. 20-CV-8313; 2) terminate Doc. 556 in No. 17-CR-364; 3) close No. 20-CV-8313; and 4) send a copy of this

Order to William Fennell, No. 79258-054, FCI Jesup, Federal Correctional Institution, 2650 301 South, Jesup, GA 31599.

SO ORDERED.

Dated: June 29, 2021
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.